UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES DOUGLAS SMITH          ]
    Plaintiff,            ]
                             ]
v.                           ]     No. 3:13-1399
                             ]     Judge Trauger
CORRECTIONS CORPORATION OF   ]
AMERICA MEDICAL DEPARTMENT,  ]
et al.                       ]
    Defendants.           ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Medical Department for the Corrections Corporation of America[1]; Dr. Bridges, a physician at MDCDF; and two nurses there (Jake Hendrix and Diane Justice); seeking damages.

On December 6, 2013, the plaintiff noticed a rash on his stomach. He reported this condition to medical staff on several occasions but has been dissatisfied with their response. The plaintiff believes that he has Mursa which is not being treated by the defendants.[2]

---

[1] Corrections Corporation of America is under contract to operate the Metro Davidson County Detention Facility.

[2] Mursa, as it is commonly known, is a serious staph infection.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In this case, it has been shown through attachments to the complaint and plaintiff's Motion to Amend, that the plaintiff has been seen by medical personnel on several occasions. A physician prescribed antibiotics for the plaintiff's condition which were continued as the rash became smaller in size.[3] As a consequence, the defendants have not been deliberately indifferent to the plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not

---

[3] Upon re-examination of the plaintiff, it was found that the "boil decreased in size, no drainage and 70.5 cm scab noted. No temp noted during sick call encounters on 12-12-13 or 12-17-13." Docket Entry No.7 at pg.4.

become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge